**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MIRANDA CISNEROS BELL, *et al.*,**<br><br>**Appellants**<br><br>**v.**<br><br>**DYCK O'NEAL, INC.,**<br><br>**Appellee.** | **Civil No. JKB-22-849** |

**MEMORANDUM AND ORDER**

Appellant Miranda Cisneros Bell currently has pending before the Court a bankruptcy appeal. On January 20, 2023, Ms. Bell sent an email to the chambers of the undersigned, copying opposing counsel. (*See* Exhibit A, attached hereto.) Ms. Bell's correspondence discussed substantive legal issues and certain allegations concerning this appeal. Ms. Bell has been advised, on multiple occasions, to refrain from corresponding with chambers staff regarding substantive issues on appeal. (*See* Exhibit B, attached hereto.) In these conversations, Ms. Bell has been directed to file all relevant documents via the Court's Case Management/Electronic Case Files (CM/ECF) system. The Court will now order Ms. Bell to cease communicating with the Court via email. Ms. Bell must file her motions or correspondence via the Court's CM/ECF system or via mail. The court may impose appropriate sanctions, including dismissal of this appeal, for further violations. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

In Ms. Bell's most recent correspondence, she requests the Court revise its briefing schedule (ECF No. 12) because she believes the November 10, 2020, hearing transcript has been "destroyed and corrupted" by "tampering, alteration, and destruction." The Court has reviewed

the transcript in question (ECF No. 40 in Bankruptcy Court Adversary Proceeding Case No. 20-00129-NVA), which includes a certificate of accuracy by a court reporter. (*Id.* at 47.)

Under federal law, "[t]he transcript in any case certified by the reporter . . . shall be deemed *prima facie* a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). "A [party's] bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." *United States v. Hill*, 859 F. App'x 652, 653 (4th Cir. 2021). Ms. Bell provides only affidavits from her and her co-appellant attesting to the inaccuracy of the transcript and audio recording. That is not enough. *See United States v. Evans*, No. CR 15-16 ADM/LIB, 2016 WL 4926423, at *1 (D. Minn. Sept. 15, 2016) (explaining an appellant's memory is "insufficient to refute the presumption of accuracy" afforded to certified transcripts). Even if the Court were to assume Ms. Bell's characterization of the proceeding is accurate, she has not shown how those issues are material to the present appeal. *See, e.g.*, Fed. R. App. P. 10(e)(2) ("If anything *material* to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected. . . .") (emphasis added).

Ms. Bell's attempt to prolong this proceeding with a frivolous, unfounded assertion of record tampering has raised the Court's already-present concern that the Bells have delayed this appeal in bad faith. To be clear, "[a]ny further delay by the Bells will result in the Court dismissing the appeal." (Scheduling Order, ECF No. 12.)

Accordingly, it is ORDERED that:

1. Appellants Miranda Cisneros Bell and Edwin Eugene Bell, Jr. are DIRECTED, under penalty of sanction, to cease communicating with courthouse staff via email;
2. Appellants are DIRECTED to file any correspondence addressed to the Court via CM/ECF or via traditional mail; and

3. Appellants' request to modify the briefing schedule is DENIED.

DATED this 20 day of January, 2023.

BY THE COURT:

James K. Bredar

James K. Bredar
Chief Judge