IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MIRANDA CISNEROS BELL,** *et al.*, <br><br> ·Appellants <br><br> v. <br><br> **DYCK O'NEAL, INC.,** <br><br> Appellee. | Civil No. JKB-22-849 |

## **MEMORANDUM AND ORDER**

Miranda Cisneros Bell and Edwin Eugene Bell, Jr. initiated a bankruptcy appeal in this Court that is now pending. The Bells' opening brief was due more than 8 months ago. (Scheduling Order, ECF No. 12 at 1-2.) To this day, the Bells have still not filed their opening brief. On January 20, 2023, Ms. Bell emailed the chambers of the undersigned demanding the Court change its briefing schedule because someone had allegedly "destroyed and corrupted" transcripts from the Bankruptcy Court. (ECF No. 13-1.) On January 23, 2023, the Court rejected Ms. Bell's argument as a frivolous attempt to further delay this appeal. (Mem. and Order, ECF No. 13 at 2.)

In the same Memorandum and Order entered January 23, 2023, the Court explained that Ms. Bell had been advised, on multiple occasions, to cease emailing courthouse staff about substantive legal matters. (ECF No. 13-2.) Ms. Bell was directed to submit her correspondence via traditional mail or CM/ECF to ensure her communication was properly docketed. Because Ms. Bell ignored each informal warning, the Court ordered Ms. Bell to cease emailing courthouse staff about substantive legal matters. (Mem. and Order, ECF No. 13 at 2.) The Court advised Ms.

1

Bell that if she continued to send emails of this type, the Court would consider dismissing her appeal as a sanction for her non-compliance. (*Id.* at 1.)

Ms. Bell took issue with the Court's January 23 Memorandum and Order. Inexplicably, Ms. Bell expressed her concerns by *again* emailing the chambers of the undersigned. (*See* Exhibit A, attached hereto.) The Court does not take lightly Ms. Bell's flagrant disregard of clear instructions. This will be Ms. Bell's final warning. Further improper correspondence with chambers will result in the appeal being dismissed.

The Court will briefly address the substantive issues raised in Ms. Bell's correspondence. First, Ms. Bell claims the undersigned "is unaware of corrupted evidence which render the record incomplete." However, the Court is quite familiar with Ms. Bell's argument. After reviewing the record, the Court rejected Ms. Bell's allegation in its prior Memorandum and Order. (Mem. and Order, ECF No. 13 at 2.)

Second, Ms. Bell challenges the reassignment of this appeal from Judge Catherine C. Blake to the undersigned. But no Local Rule or statute prohibits the intra-district reassignment of cases for administrative reasons. As Chief Judge, the undersigned has express authority to reassign cases under 28 U.S.C. § 137(a), which provides:

> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court. The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

Further, district courts have "inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016), including "the power to control the assignment and transfer of cases," *Capps v. Drake*, 894 F.3d 802, 805 (7th Cir. 2018) (citation omitted). In sum, the Court will not grant Ms. Bell's request for reassignment.

Finally, Ms. Bell has once more requested the Court modify the briefing schedule until the "unaltered" transcripts from the Bankruptcy Court are available. Again, the Court has considered and rejected Ms. Bell's allegation of transcript manipulation. (Mem. and Order, ECF No. 13 at 2.) Ms. Bell's most recent request is yet another attempt to prolong this proceeding with a frivolous assertion of record tampering. The Court has already explained that it will not alter the briefing schedule. (Scheduling Order, ECF No. 12 at 2.) To reiterate, "[a]ny further delay by the Bells will result in the Court dismissing the appeal." (*Id.*)

Accordingly, it is ORDERED that:

1. Appellants Miranda Cisneros Bell and Edwin Eugene Bell, Jr. are again ORDERED to cease communicating with courthouse staff about substantive legal matters via email and are REMINDED that any further communications with courthouse staff via email will result in sanctions;

2. Appellants' request to reassign this case to U.S. District Judge Catherine C. Blake is DENIED;

3. Appellants' request to modify the briefing schedule is DENIED; and

4. Appellants are REMINDED that failure to file an opening brief via CM/ECF or mail by the deadline imposed by the Court (February 1, 2023) will result in dismissal of this appeal.

DATED this 30 day of January, 2023.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge